UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) Case No. 3:23-md-03071<br>) MDL No. 3071<br>)<br>) THIS DOCUMENT RELATES TO:<br>) ALL CASES |

### ORDER

Before the Court is the Joint Motion for Discovery Conference filed by Plaintiffs and Defendant Sares Regis Group Commercial, Inc. ("Sares Regis") ("Joint Motion"). (Doc. No. 1144).

After Sares Regis failed to comply with another Court order requiring it to review and produce its documents responsive to Plaintiffs' Requests for Production ("RFPs") by April 28, 2025, Plaintiffs now seek further relief. Plaintiffs request that that Sares Regis be required to "(1) continue to review documents per the TAR protocol []; (2) review for responsiveness (as the TAR Protocol requires), rather than simply producing all search term hits; and (3) retain as many document-review attorneys as necessary to complete the review and complete document production by June 9, 2025." (Doc. No. 1144-1 at 3). For the reasons discussed below, the Joint Motion will be denied, and the Court will order Sares Regis to continue to review documents *per the TAR protocol it requested*, to review for responsiveness, and to complete that review and all document productions by **June 9, 2025**.

As the parties' discovery dispute statement explains (see Doc. No. 1144-1), this dispute arises from Sares Regis's continued failure to meet Court-imposed deadlines to review and produce its documents responsive to Plaintiffs' RFPs. Nearly three months ago, on March 7, 2025, the Court ordered Sares Regis to produce documents responsive to Plaintiff's RFPs using the

August 30, 2024 search terms by March 28, 2025. (Doc. No. 1088 at 3). The Court cautioned that if Sares Regis failed to meet that deadline, it was to inform the Court "as to the percentage of documents that remain unproduced, why they have not been produced, and their anticipated date of production." (Id.). Sares Regis failed to meet its March 28 deadline. Instead, it sought an extension to April 28, 2025 to finish conducting its document review and production, with the help of RAL given the breadth of documents hitting on Plaintiffs' TAR search terms, which the Court permitted. (Doc. Nos. 1108, 1111, 1123).

Yet again, Sares Regis missed the revised April 28 production deadline. (Doc. No. 1144-1 at 2). Rather than continuing to review and produce its responsive documents pursuant to proper discovery protocol, Sares Regis has presented Plaintiffs with three options for receiving its remaining documents. Specifically, Sares Regis has agreed to: (1) produce more than 6 million documents that hit on the TAR search terms; (2) produce the more than 3 million documents that hit on the August 30 search terms; or (3) produce documents that the TAR model has determined are likely responsive while sampling the remaining documents to confirm they are nonresponsive. (Id. at 2, 8). Plaintiffs take issue with all three of these proposals. They contend that Sares Regis is disregarding its obligations in refusing to review its remaining documents for responsiveness, and instead seeks to impose that burden on Plaintiffs after production. (Id. at 4–5). Sares Regis disagrees, contending that Plaintiffs' objections to these proposals amount to burden objections that should be disregarded by the Court considering Plaintiffs set the parameters for the document review process. (Id. at 8–10).

The Court does not need a discovery conference or further briefing to resolve this dispute. It is evident that this is yet another attempt by Sares Regis to avoid complying with the Court's orders. Sares Regis now seeks to impose its discovery obligations onto Plaintiffs by forcing them

to sift through millions of documents post-production that Sares Regis admits it has not reviewed for responsiveness. Under Rule 34, it is Sares Regis's obligation—not Plaintiff's—to conduct the responsiveness review of its own documents to determine which it must produce. Fed. R. Civ. P. 34(a). Because "[r]esponsiveness is presupposed when responding to any discovery request," the Court did not see a reason "to order [Sares Regis to conduct a] responsive review in the first place." Raymond James & Assocs., Inc. v. 50 North Front St. TN, LLC, 2023 WL 3480902, at *4 (W.D. Tenn. May 16, 2023). However, by Sares Regis "disregard[ing] common discovery protocol and practice" by abjectly refusing to review for responsiveness here, it is apparent that such action is now necessary. Id.

For these reasons, the Joint Motion for Discovery Conference (Doc. No. 1144) is **DENIED**. Pursuant to this Order, Sares Regis shall: (1) continue to review documents per the TAR protocol; (2) review for responsiveness, rather than simply producing all search term hits; and (3) complete its review and document production by Monday, **June 9, 2025**. At this point, the Court will not compel Sares Regis to hire additional attorneys to complete the review process. But while the Court permits Sares Regis discretion on how to complete its document review, it cautions Sares Regis that it must ensure it does so through whatever means it chooses. Should Sares Regis continue to evade its obligations, sanctions could be in its future. Peltz v. Moretti, 292 F. App'x 475, 479 (6th Cir. 2008) (quoting Fed. R. Civ. P. 37(b)(2)) ("Discovery sanctions may be appropriate when a party 'fails to obey an order to provide or permit discovery.'").

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE