UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) Case No. 3:23-md-3071<br>) MDL No. 3071<br>)<br>) This Document Relates to: ALL CASES<br>)<br>) |

## ORDER

Before the Court is the Joint Motion for Discovery Conference filed by Plaintiffs and RealPage, Inc. ("RealPage") regarding RealPage's August 19, 2025, Clawback, pursuant to the Stipulation and Order on Federal Rule of Evidence 502. (Doc. No. 1323). Specifically, RealPage seeks an order for the return of 22 documents that it believes to constitute work-product material. (Doc. No. 1323-1 at 8-12). Plaintiffs, on the other hand, argue that RealPage has not shown that the work-product protection applies to the documents. Plaintiffs further argue that, even if the protection does apply, they have a substantial need to keep them. (Doc. No. 1323-1 at 3-7). RealPage has submitted the 22 documents to the Court for *in camera* review. (Doc. No. 1327). For the reasons below, the motion for a discovery conference is denied, and Plaintiffs shall return the 22 documents produced by RealPage.

RealPage has established that the 22 documents were created in anticipation of litigation. The Declaration of Martin Thornthwaite (Doc. No. 1323-1 at 15-17) satisfies the "because of" test endorsed by the Sixth Circuit in United States v. Roxworthy, 457 F.3d 590, 593 (6th Cir. 2006). See Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 381-82 (6th Cir. 2009) (applying "because of test" from Roxworthy in civil case). Thornthwaite, in his position of associate general counsel of RealPage, explains that because of the class actions filed against RealPage and the U.S. Department of Justice investigation, he, in conjunction with outside counsel,

requested that RealPage's data and analytics in-house resources "create certain analyses" of its products. (Doc. No. 1323-1 at 16). The analyses he requested included RealPage's RMS products and AIRM/YieldStar. (Id.). Thornthwaite declares "under penalty of perjury" the analyses he requested and received include the 22 documents at issue in the Joint Motion. (Id. at 16-17). Accepting Thornthwaite's assertion as true, the work-product protection attaches to the 22 document: they were prepared by RealPage "because of" the prospect of litigation. See Biegas, 573 F.3d at 382 (citing Roxworthy, 457 F.3d at 593).

Because the work-production protection attaches to the documents, Plaintiffs can discover them only if they show a "substantial need" and the inability without "undue hardship" to obtain the substantial equivalent by other means. FTC v. Grolier Inc., 462 U.S. 19, 25 (1983) (citing Fed. R. Civ. P. 26(b)); see also Stampley v. State Farm Fire & Casualty Co, 23 F. App'x 467, 470 (6th Cir. 2001). Likewise, Plaintiffs fail to come forward with evidence to make that showing. This Court needs more than bare arguments to find that the 22 documents were "prepared in the regular course of business." Plaintiffs fail to explain why the "file names" mean the documents are "ordinary business records" and fail provide any factual basis that Plaintiffs "cannot re-create the data compilations and diagrams" that RealPage has created. (Doc. No. 1323-1 at 4-7). Simply put, there is no factual predicate to support Plaintiffs' arguments of "substantial need" and "undue hardship" to obtain the substantial equivalent.

Accordingly, the motion for a discovery conference is **DENIED** and the 22 documents shall be returned to RealPage immediately.

IT IS SO ORDERED.

                                                                                 WAVERLY D. CRENSHAW, JR.
                                                                                 UNITED STATES DISTRICT JUDGE