UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) Case No. 3:23-md-3071<br>) MDL No. 3071<br>)<br>) This Document Relates to: ALL CASES<br>)<br>) |

**ORDER**

Before the Court is the Joint Motion for Discovery Conference ("Joint Motion") filed by Plaintiffs, RealPage, Inc. ("RealPage") and Equity Residential ("Equity") (Doc. No. 1343). Plaintiffs request that the Court quash the third-party subpoenas issued by RealPage and Equity, because the third-party subpoenas seek irrelevant information and violate the Case Management Order (Doc. No. 818) and the Order on Deposition Protocol (Doc. No. 816). For the reasons that follow, the Joint Motion and the request to quash third-party subpoenas will be denied.

First, as this Court explained in <u>Diamond Resorts Int'l, Inc. v. Phillips</u>, 2018 WL 4328257, at *2 (M.D. Tenn. July 16, 2018), "[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." (quoting 9A Charles Alan Wright and Arthur R. Miller et al., <u>Federal Practice and Procedure</u> § 2549 (3d ed.). When a party lacks standing Fed. R. Civ. P. 26(c) allows the party to seek a protective order on behalf of the third party. This settled law is dispositive of Plaintiffs' request to quash. To the extent Plaintiffs believe a protective order is appropriate, (Doc. No. 1343-1 at 4), the parties must first meet and confer. <u>See</u> M.D. Tenn. Loc. Civ. R. 7.01(a)(1).

Second, to the extent Plaintiffs believe they have some "right" arising from the Case Management Order and/or the Order on Deposition Protocol, this Court does not find any clear

1

violation of those orders. Plaintiffs tacitly acknowledge that RealPage and Equity "served subpoenas on January 13, 2026, exactly 45 days before the close of discovery," which is in technical compliance with ¶7 (ii) of the Case Management Order and 45-calendar-day requirement in III.B of the Order on Deposition Protocol. Given Defendants' confession of "unfortunate oversight," (id. at 4), concerning the two-day advance notice in ¶7(ii) of the Case Management Order, this is insufficient for the relief Plaintiffs seek.

Third, the actual discovery to be produced, based upon Defendants' representations, appears to be relevant and minimal. Defendants state the discovery expected from the third-party subpoenas is relevant. Regarding the subpoena to Advanced, Defendants offer that the "subpoena targets evidence relevant to demonstrate the failings of Plaintiffs' overbroad market definitions, claims that Defendants possess market power, and insinuation that ordinary competitive-pricing practices are collusive." (Id. at 3). Likewise, Defendants believe the subpoena to RentWatch is "highly relevant" to Plaintiffs' "core theory" that RealPage and its clients "would not have disclosed data to RealPage for use in RealPage's Software absent a conspiracy." Id. Given that Defendant now proceeds with only four of the original ten subpoenas it does not appear that the anticipated production will be overwhelming.

The Joint Motion and the request to quash are **DENIED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE